IN THE UNITED STATES DISTRICT COURT
For THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROSE M. WISE | * |
| | * |
| v. | * Civil No. JFM-02-2323 |
| | * |
| GALLAGHER BASSETT | * |
| SERVICES, INC. | * |

*****

## MEMORANDUM

On April 18, 2001, plaintiff instituted this action in the Circuit Court for Baltimore County. She requested damages of only $75,000. She repeated this claim for damages in two amended complaints she subsequently filed.

On June 17, 2002, plaintiff served defendant with a fourth amended complaint in which, without alleging any new facts concerning the injuries she had suffered, she increased her damage claim to $750,000. Within thirty days after having been served with the fourth amended complaint, defendant removed the action to this court. Plaintiff has now filed a motion to remand.

Plaintiff's motion will be denied. Obviously, plaintiff has engaged in "forum manipulation" in an effort to defeat defendant's removal right. She does not contend that before filing her fourth amended complaint she had uncovered any additional information concerning the injuries she had suffered, thereby justifying her tenfold increase in her claim for damages. Rather, she simply relies upon the language of 28 U.S.C. §1446(b) that she contends prevents a defendant in a diversity case from removing an action more than one year after commencement of the action.

I agree with those courts that have held that Congress did not intend to permit such forum manipulation when it enacted § 1446(b). See, e.g., Sheppard v. Wire Rope Corp., 777 F. Supp. 1285, 1288-89 (E.D.Va. 1991); Kite v. Richard Wolf Med. Instruments Corp., 761 F. Supp. 597, 601 (S.D. Ind. 1989); cf. Kinabrew v. Emco-Wheaton, Inc., 936 F. Supp. 351, 353 (M.D. La. 1996) (denying remand of suit that was not timely removed on equitable ground that plaintiff attempted to manipulate the forum); Morrison v. Nat'l Benefit Life Ins. Co., 889 F. Supp. 945, 948-51 (S.D. Miss. 1995) (finding removal more than one year after complaints were filed untimely, but holding plaintiffs equitably estopped from asserting one-year limit). It would be disrespectful to Congress to conclude that it contemplated that a litigant's right to a federal forum could be defeated simply by an adverse party employing the stratagem of secreting the federal nature of a claim by failing to claim before the one-year limit established by § 1446(b) the true amount of damages she is seeking. For that reason, I find that plaintiff may not raise the one-year limit established by §1446(b).

A separate order follows.

Date: August 27, 2002

J. Frederick Motz
United States District Judge